UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

TAYLOR D.[1]                                                                           Plaintiff,

v.                                      Civil Action No. 3:22-cv-48-RGJ-CHL

COMMISSIONER OF SOCIAL SECURITY                 Defendant.

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

Claimant Taylor D. ("Claimant") filed this action seeking review of the denial of disability insurance benefits by Defendant Commissioner of Social Security ("Commissioner"). [DE 1]. The Court referred Claimant's action to Magistrate Judge Colin H. Lindsay ("Magistrate Judge"). [DE 10]. The Magistrate Judge issued a Report and Recommendation ("R&R") that the Commissioner's decision be affirmed. [DE 16]. Claimant objected, arguing that the Magistrate Judge's and the Administrative Law Judge Susan Brock's ("ALJ") decisions are not supported by substantial evidence. [DE 17 at 5739]. The Commissioner responded [DE 18]. This matter is ripe. For the reasons below, the Court **OVERRULES** Claimant's Objections [DE 17], and **ACCEPTS** the Magistrate Judge's R&R without modification [DE 16].

### I.      BACKGROUND[2]

Claimant applied for disability insurance benefits and supplemental security income in April 2019, alleging that she has been disabled since May 2019. [DE 16 at 5701]. The ALJ conducted a hearing on August 18, 2021. [DE 1 at 2]. In a September 2, 2021 decision, the ALJ ruled against Claimant and found:

---

[1] Pursuant to General Order 23-02, the Claimant in this case is identified and referenced solely by first name and last initial.

[2] The R&R accurately sets forth the factual and procedural background of the case and is incorporated by reference. [DE 16].

1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2021.

2. The claimant has not engaged in substantial gainful activity May 29, 2018, the alleged onset date.

3. The claimant has the following severe impairments: epilepsy, depressive disorder, adjustment disorder with anxiety, attention deficit hyperactivity disorder (ADHD), and Asperger's syndrome.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. [T]he claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: limited to occasional climbing of ramps and stairs, no climbing of ladders, ropes, or scaffolding, can frequently balance, stoop, kneel, crouch, and crawl, should avoid all exposure to unprotected heights or operation of hazardous machinery, can understand, remember, and carryout simple instructions and tasks requiring short learnings [sic] periods of thirty days or less and requiring little independent judgment, can occasionally interact with co-workers, supervisors, and the general public, can tolerate occasional changes in the workplace and recognize hazards but would do best in an environment that does not require fast pace and production quotas.

6. The claimant is unable to perform any past relevant work.

7. The claimant . . . was 22 years old, which is defined as a younger individual age 18–49, on the alleged disability onset date.

8. The claimant has at least a high school education.

9. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11. The claimant has not been under a disability, as defined in the Social Security Act, from May 29, 2018, through the date of this decision.

[DE 8 at 48–57].

When the Appeals Council declined to review the ALJ's decision in December 2021 [*Id.* at 456–64], the ALJ's decision became the final decision of the Commissioner. *See* 20 C.F.R. §

422.210(a) (2021); *see also* 42 U.S.C. § 405(h) (discussing finality of the Commissioner's decision). Claimant brought this action to obtain judicial review of the ALJ's decision. [DE 1 at 2]. Claimant made three objections to the ALJ's evaluation: (1) the ALJ erred in her analysis of Listings 11.02 and 12.04; (2) the ALJ erred when determining Claimant's Residual Function Capacity ("RFC");[3] and (3) the ALJ erred in her evaluation of the opinions of the state agency medical consultants and her treating neurologist, Dr. Rebekah Woods, D.O. ("Woods"). [DE 11].

After reviewing the record and relevant law, the Magistrate Judge found that the ALJ's final decision was supported by substantial evidence and rejected Claimant's arguments. [DE 16 at 5727–28]. Claimant now objections to the Magistrate Judge's findings that (1) the ALJ's evaluations of Listings 11.02 and 12.04 were supported by substantial evidence.; (2) the ALJ's RFC determinations were supported by substantial evidence; and (3) the ALJ did not commit a reversible error in the step five analysis. [DE 17].

## II. DISCUSSION

### A. Standard of Review

Under 28 U.S.C. § 636(b)(1)(B), a district court may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of facts and recommendations for the disposition" of matters including review of the Commissioner's final decision on disability insurance benefits. This Court must "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d

---

[3] An ALJ's RFC finding is the ALJ's ultimate determination of what a claimant can still do despite his or her physical and mental limitations. 20 C.F.R. §§ 404.1545(a)(1), 404.1546(c), 416.945(a)(1), 416.946(c) (2021).

3

981, 994 (6th Cir. 2007) (alterations in original) (citation omitted). A general objection that fails to identify specific factual or legal issues from the R&R is insufficient as it duplicates the magistrate judge's efforts and wastes judicial resources. *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). After reviewing the evidence, the Court may accept, reject, or modify the proposed findings or recommendations of the magistrate. *Id.* The Court need not review, under a de novo or any other standard, those aspects of the report and recommendation to which no specific objection is made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Rather, the Court may adopt the findings and rulings of the magistrate judge to which no specific objection is filed. *Id.* at 151.

### B. Legal Objections

Claimant's objections are strikingly similar to the arguments made in her initial challenge of the ALJ's findings. [*Compare* DE 11 *with* DE 17].

An "objection . . . that merely reiterates arguments previously presented, does not adequately identify alleged errors on the part of the magistrate judge." *Altyg v. Berryhill*, No. 16-11736, 2017 WL 4296604, at *1 (E.D. Mich. Sept. 28, 2017) (citing *Howard*, 932 F.2d at 509 ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless."). Therefore, Claimant's objections and repetitive arguments made in her initial challenge to the ALJ's decision cannot qualify as objections. Thus, the Court need not review *de novo* the Magistrate Judge's report regarding Claimant's repetitive objections. *Ells v. Colvin*, No. 3:16-CV-00604-TBR, 2018 WL 1513674, at *2 (W.D. Ky. Mar. 27, 2018).

Despite this conclusion, the Court will consider the merits of Claimant's objections out of an abundance of caution. When the Court considers the merits of a claimant's objections and conducts a *de novo* review, the Court must "affirm the Commissioner's conclusions unless the Commissioner failed to apply the correct legal standard or made findings of fact that are unsupported by substantial evidence." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Cotton v. Sullivan*, 2 F.3d 692, 695 (6th Cir. 1993). "The substantial-evidence standard allows considerable latitude to administration decision makers. It presupposes that there is a zone of choice within which the decision makers can go either way, without interferences by the courts." *Mackins v. Astrue*, 655 F. Supp. 2d 770, 775 (W.D. Ky. 2009) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). The ALJ need not discuss every aspect of the record or explain every finding at length but must "articulate with specificity reasons for the findings and conclusions that he or she makes" to facilitate meaningful judicial review. *Bailey v. Comm'r of Soc. Sec.*, 173 F.3d 428 (6th Cir. 1999). In reviewing the case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Cohen v. Sec'y of Dep't of Health & Hum. Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)).

To determine whether an individual is entitled to disability benefits, an ALJ follows the process outlined in 20 C.F.R. § 404.1520. First, the ALJ considers whether the claimant has substantial gainful employment. 20 C.F.R. § 404.1520(a)(4). Second, the ALJ considers whether the claimant has suffered from a severe medically determinable physical or mental impairment, or combination of impairments, for a certain duration. *Id.* Third, the ALJ considers whether the

5

impairments meet or equal one of the specific medical disorders listed in the regulations. *Id.* Fourth, the ALJ assesses the claimant's RFC and past relevant work. *Id.* Fifth, the ALJ determines whether given the claimant's RFC, age, education, and work experiences, the individual can make certain adjustments to keep working. *Id.* While the claimant bears the burden of proof in establishing steps one through four, "the burden . . . shifts to the Commissioner at step five to 'identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile.'" *Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 576 (6th Cir. 2009) (quoting *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003)).

### i. Listed Impairments

Claimant's first objection involves step three of the disability determination. [DE 17 at 5729]. She objects to the ALJ's evaluations of Listings 11.02 and 12.04. [*Id.*].

At the third step, a claimant will be found disabled if her impairment meets or medically equals one of the listings in the Listing of Impairments. 20 C.F.R. § 416.920(a)(4)(iii); *Turner v. Comm'r of Soc. Sec.*, 381 F. App'x 488, 491 (6th Cir. 2010). The Listing of Impairments, set forth in Appendix 1 to Subpart P of the regulations, describes impairments the Social Security Administration considers to be "severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." 20 C.F.R. § 404.1525(a). The claimant bears the burden of establishing that she meets or medically equals a listed impairment at step three. *Buress v. Sec'y of Health & Hum. Servs.*, 835 F.2d 139, 140 (6th Cir. 1987). "Because satisfying the listings during the third step yields an automatic determination of disability . . . the evidentiary standards [at step three] are more strenuous than for claims that

6

proceed through the entire five-step evaluation." *Peterson v. Comm'r of Soc. Sec.*, 552 F. App'x 533, 539 (6th Cir. 2014).

At step three, the ALJ considered whether Claimant met the criteria of Listings 11.02 and 12.04. [DE 11 at 5662–65]. The ALJ found that "the evidence does not establish the claimant has met listing 11.02 for Epilepsy." [DE 8 at 49]. There is no evidence of seizures occurring at the requisite intervals, and no evidence of limitations in physical functioning. [*Id.*]. The ALJ also found that "[t]he severity of the claimant's mental impairments . . . do not meet or medically equal the criteria of listing[] 12.04." [*Id.*]. At most, the ALJ only found moderate mental impairment. [*Id.* at 49–50].

Claimant argues that the Magistrate Judge erred because she found that the medical records did not use the same wording as the applicable regulation when describing Claimant's seizures. [DE 17 at 5730]. She contends that Dr. Rebekah Woods' ("Woods") description of her seizures was enough to satisfy Listing 11.02. [*Id.* at 5731]. Woods identified Claimant's seizures as "complex partial seizures" and "generalized seizures" but did not select "generalized tonic-clonic seizures" on the form. [DE 8 at 2496]. The regulation states that "generalized tonic-clonic seizures" and "dyscognitive seizures" were formerly known as "complex partial seizures." 20 C.F.R. Pt. 404, Subpt. P., App. 1, § 11.02H1 (eff. Apr. 2, 2021); *see also Williams o/b/o L.M.B. v. Comm'r of Soc. Sec.*, No. CV 19-10753, 2020 WL 4577421, at *7 n. 3 (E.D. Mich. Mar. 16, 2020), *report and recommendation adopted sub nom.*, *Roland o.b.o. M.B. v. Comm'r of Soc. Sec.*, No. 2:19-CV-10753, 2020 WL 2507624 (E.D. Mich. May 15, 2020). Therefore, whether Woods selected "complex partial seizures" or "generalized tonic-clonic seizures" is unimportant because either could satisfy the listing. *See Williams*, 2020 WL 4577421, at *7 n. 3.

Nevertheless, Claimant's objection fails on other grounds. The Magistrate Judge also found that Woods failed to provide a detailed description of Claimant's seizures. [DE 16 at 5710–11]. The Listing's introductory language explains that "at least one *detailed description* of your seizures from someone, *preferably a medical professional*, who has observed at least one of your typical seizures. If you experience more than one type of seizure, we require a description of each type." *See* 20 C.F.R. Pt. 404, Subpt. P., App. 1, §11.00H2 (emphasis added). However, the record does not contain a detailed description from a medical professional. [DE 8]. Claimant argues that the record contains a detailed description of her seizures by her boyfriend, father, and sister. [DE 17 at 5731]. A review of the record indicates otherwise. The description from her grandfather, Joesph Greenwell, merely described the events surrounding a seizure but did not provide a detailed description of the seizure. [DE 8 at 531]. The remaining descriptions of her seizures came from Claimant. [DE 8-1 at 1472, 1903; DE 8-3 at 3802]. The citations specifically note that her father did not witness Claimant's seizure. [DE 8-1 at 1472, 1903]. Accordingly, Claimant failed to satisfy her burden under 20 C.F.R. Pt. 404, Subpt. P., App. 1, §11.00H2.

The burden at stage three is on Claimant, and the Magistrate Judge did not err in finding that Claimant did not carry her burden regarding Listing 11.02. *See Buress*, 835 F.2d at 140; *see also Cook v. Comm'r of Soc. Sec.*, No. 18-12042, 2019 WL 4747038, at *3 (E.D. Mich. Sept. 30, 2019) ("It is evident that Plaintiff has not met [her step three] burden here [because she] has not 'pointed to specific evidence that demonstrates she reasonably could meet or equal every requirement of' either of these two listings.").

Claimant also argues that the ALJ and Magistrate Judge erred in finding that Claimant did not satisfy Listing 12.04. [DE 17 at 5733]. The Court first notes that this argument repeats Claimant's original objection. [*Compare* DE 11 *with* DE 17]. This alone is enough to reject her

argument. *See Howard*, 932 F.2d at 509; *Evans v. Astrue*, No. 3:10-CV-67, 2011 WL 13453, at *2 (E.D. Tenn. Jan. 4, 2011).

Even considering the merits, Claimant's argument must fail. For a claimant to meet the criteria of Listing 12.04, they must show an extreme limitation in one or a marked limitation in two of the Paragraph B Criteria. 20 C.F.R. Pt. 404, Subpt. P, App. 1, at § 12.04. A marked limitation, means that a claimant's "functioning in [an] area independently, appropriately, effectively, and on a sustained basis is seriously limited." *Id.* at § 12.00F(2)(d). An extreme limitation is only appropriate when a claimant is "not able to function in [an] area independently, appropriately, effectively, and on a sustained basis." *Id.* at § 12.00F(2)(e).

Here, the ALJ concluded that Claimant had only moderate limitations and did not meet the paragraph B criteria. [DE 8 at 49–50]. To make this finding, the ALJ relied on the fact that Claimant cared for a dog, completed personal care tasks, prepared simple foods, cleaned her room, did household chores like laundry and dishes, shopped, watched television, and occasionally did arts and crafts. [*Id.*]. The Magistrate Judge found that Claimant failed to tie her alleged suicide attempts to an extreme limitation. [DE 16 at 5713]. In light of the ALJ's findings, the Court likewise finds that Claimant has failed to satisfy her burden and demonstrate an extreme limitation. *See Buress*, 835 F.2d at 140. Without an extreme limitation or two marked limitations, Claimant cannot satisfy the Paragraph B Criteria. 20 C.F.R. Pt. 404, Subpt. P, App. 1, at § 12.04. The Magistrate Judge did not err in finding that the ALJ provided substantial evidence for the moderate limitations and that Claimant failed to satisfy the Paragraph B Criteria. *See Immke v. Saul*, No. 1:18CV2218, 2020 WL 1940849, at *6 (N.D. Ohio Apr. 22, 2020).

*ii. RFC Findings*

Claimant objects to the Magistrate Judge's finding of substantial evidence as it relates to heat exposure, bilateral fine motor speed/dexterity, missing work, and her need for additional time to complete a task. [DE 17]. She objects to the Magistrate Judge's findings related to the opinions of the state agency medical consultants and her treating neurologist, Woods. [*Id.*]. Claimant's arguments again mirror her original objection. [*Compare* DE 11 *with* DE 17].

It is not this Court's place to re-try or re-evaluate the findings of the ALJ. 42 U.S.C. § 405(g). Rather, this Court is only to find if substantial evidence supports the ALJ's decision and if the ALJ followed the applicable law. *Id.*

The ALJ followed the applicable law by conducting an appropriate analysis and explicitly considering applicable listings, as discussed above. The ALJ examined evidence in the record related to heat exposure [DE 8 at 290–91, 305–306; DE 8-1 at 1463–673; DE 8-2 at 2075–495; DE 8-4 at 5514–5656] and applied this evidence in her findings [DE 8 at 49–56].[4] Similarly, the ALJ discussed the side-effects of Claimant's medication that may cause her to miss work [*id.* at 79–86] but did not find a functional limitation [*id.* at 49–56]. While the ALJ did not discuss a report from Dr. Brandon C. Dennis, Psy.D related to bilateral fine motor speed/dexterity or an April 30, 2019, psychological evaluation recommending extra time to complete tasks, "an ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite specific evidence does not indicate that it was not considered." *Simons v. Barnhart*, 114 F. App'x 727, 733 (6th Cir. 2004) (quoting *Craig v. Apfel,* 212 F.3d 433, 436 (8th Cir. 2000)); *see also Thacker v. Comm'r of*

---

[4] The Magistrate Judge's R&R details the ALJ's analysis. [DE 16 at 5715]. The Court does not duplicate this effort here because Claimant's arguments are the same as those the Magistrate considered and de novo review of such arguments or recitation of such facts would "make the original referral to the magistrate judge useless and would waste judicial resources." *Evans*, 2011 WL 13453, at *2 (citing *Howard*, 932 F.2d at 509).

10

*Soc. Sec.*, 99 F. App'x 661, 665 (6th Cir. 2004) ("An ALJ need not discuss every piece of evidence in the record for his decision to stand.").

The Court also finds Claimant's objections related to the opinions of the state agency medical consultants and Woods unpersuasive. Claimant simply argues that "neither the Magistrate Judge nor the ALJ provided an understandable narrative as to why this evidence and the record as a whole" fails to entitle Claimant to disability benefits. [DE 17 at 5738]. Here, the ALJ summarized the opinions of the state agency medical and psychological consultants. [DE 8 at 53–54]. The ALJ found the state medical consultants' opinions consistent with Claimant's treatment records. [*Id.*]. To the extent Claimant objects based on Woods' opinion, the Court held that Woods' opinion did not satisfy Claimant's burden regarding Listing 11.02. Therefore, Claimant has failed to show how the ALJ's treatment of opinions from state agency medical consultants or Woods caused any error in the ALJ's analysis.

The evidence considered by the ALJ was substantial and based on the record as a whole. And the Court agrees with the Magistrate Judge's conclusion that the ALJ's findings were supported by substantial evidence. [DE 16 at 5726]. Even if there was conflicting evidence, this Court will not reevaluate the ALJ's findings, and the Magistrate Judge did not err in finding that the ALJ's opinion was supported by substantial evidence. *See Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 714 (6th Cir. 2012); *and Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 727 (6th Cir. 2013); *see also* 20 C.F.R. § 404.1527(c)(4), 416.927(c)(4).

### *iii. Step Five*

Claimant objects to the step five determination on the basis that "[t]here is no understandable explanation of why the seizures and recovery periods were not a vocationally significant[.]"[5]

At steps one through four of the ALJ's analysis, the burden is on the claimant. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). At step five of the analysis, the burden shifts to the Commissioner. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). At step five, the ALJ considers the claimant's RFC and his age, education, and work experience to determine whether the claimant may work. Even if the claimant's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that the claimant can perform, then the claimant is not disabled. *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990); *see also Barnhart v. Thomas*, 540 U.S. 20, 24–25 (2003) (describing five-step evaluation).

At the hearing, the ALJ asked a vocational expert whether jobs existed in the national economy for individuals "with the claimant's age, education, work experience, and residual functional capacity." [DE 8 at 56]. In response, the "vocational expert testified that given all of these factors the individual would be able to perform the requirements of representative occupations[.]" [*Id.*]. These findings were incorporated into the ALJ's analysis. [*Id.* at 56–57]. The Court finds no error in this testimony or analysis. Moreover, the Court held that the ALJ's determination of Claimant's RFC was supported by substantial evidence. The ALJ was not required to include additional limitations related to these capacities in her hypothetical questions to the vocational expert. *Hare v. Comm'r of Soc. Sec.*, 37 F. App'x 773, 776 (6th Cir. 2002); *see*

---

[5] Again, Claimant's arguments do not identify errors in the R&R but repeats her original objections or raises new objections to the ALJ's findings, both of which are inappropriate at this stage and are sufficient grounds for rejection. *See Howard*, 932 F.2d at 509; *Murr*, 200 F.3d at 902.

*also Stanley v. Sec'y of Health & Hum. Servs.*, 39 F.3d 115, 118-19 (6th Cir. 1994) ("[T]he ALJ is not obliged to incorporate unsubstantiated complaints into his hypotheticals.")). The vocational expert's testimony constitutes substantial evidence to support the ALJ's step five determination. *See Bradford v. Sec'y Dep't. of Health & Hum. Servs.*, 803 F.2d 871, 874 (6th Cir. 1986) (per curiam).

### III. CONCLUSION

For the stated reasons,

**IT IS ORDERED** that Claimant's Objections [DE 17], are **OVERRULED** as set forth herein; and

**IT IS FURTHER ORDERED** that the Report and Recommendation of the United States Magistrate Judge, [DE 16], is **ACCEPTED** without modification as the findings of fact and conclusions of law of this Court.

Rebecca Grady Jennings, District Judge
United States District Court

March 16, 2023

13